HUDSON COUNTY COURT OF COMMON PLEAS.

HARVEY DE GRAW, PETITIONER-APPELLEE, v. TODD SHIP-BUILDING COMPANY, RESPONDENT-APPELLANT.

Decided July 25, 1945.

For the petitioner-appellee, *Hein & Smith* and *Isadore Rabinowitz.*

For the respondent-appellant, *Kalisch & Kalisch.*

ZIEGENER, C. P. J. The above matter having come on for hearing on appeal before me with Hein & Smith and Isadore Rabinowitz as attorneys for petitioner-appellee, and Kalisch & Kalisch as attorneys for respondent-appellant, and the matter having been submitted to me for decision, and I having considered the same and reviewed the transcript and proceedings of the Workmen's Compensation Bureau and its judgment dated April 2d, 1945, awarding the petitioner-appellee temporary and partial permanent disability compensation, I do hereby find and determine as follows:

The petitioner, Harvey De Graw, was employed by the respondent, Todd Shipbuilding Company, as a steamfitter and on the day he was injured, January 20th, 1944, he was working on a ship named the *Fred Morris,* which was being converted from a freight ship to a naval troop ship. The entire character of the ship was being changed and the conversion required extensive plans and took about four months. The respondent had nothing to do with operating the ship, which was brought into respondent's yard, under its own steam and by tugboats. The ship was not being repaired in the manner that repairs are ordinarily made to a ship which has been disabled, or which is undergoing minor repairs between trips.

The petitioner was not a member of the crew and was not employed by the owner of the ship. The Todd Shipbuilding Company had no control whatever over the ship.

In my opinion the operation which the ship was undergoing was so extensive that the change was tantamount to the building of a new ship; and at the time the petitioner was injured it was not finished. The ship was definitely not commissioned in the condition it was in at the time and would not be until the reconversion would be completed in accordance with the plans.

The respondent denied the jurisdiction of the state compensation court, contending that the situation was controlled by and within the jurisdiction of the Longshoremen's and Harbormen's Act, 33 *U. S. C. A.*, §§ 901, *et seq.*, and therefore an admiralty case to be determined by the federal court. I do not agree with this contention because the petitioner was engaged in work on the said ship, which was in no sense maritime but which was strictly local.

The ship at the time was securely tied and fastened to the dock in a permanent manner with shore lines, electrical, welding and steam connections, and with its fuel tanks empty.

I have read the testimony and have studied and considered the voluminous briefs of counsel, which disclose that the subject has received careful and exhaustive research on their part, and I have reached the conclusion that the Workmen's Compensation Bureau of this state had jurisdiction to hear and determine the case. In my opinion the payment of the sum of $17 to the petitioner by the Longshoremen's Commission does not alter the situation; the said payment in itself not conferring jurisdiction to the said commission.